UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Danny Russell Redden, # 320117, | ) C/A No. 8:08-2845-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Henry Dargan McMaster, Attorney General;<br>S. Prentiss Counts, Assistant Attorney General;<br>Deborah R. J. Shupe, Assistant Attorney General;<br>John Doe, Horry County Solicitor's Office;<br>Harold W. Gowdy, III, Solicitor Seventh Judicial Circuit;<br>Mark Morin, Assistant Solicitor Cherokee County, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Tyger River Correctional Institution[1] of the South Carolina Department of Corrections (SCDC). The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a six-year sentence for second-degree burglary. The plaintiff conviction was entered in the Court of General Sessions for Cherokee County in 2007. In the above-captioned case, the plaintiff

---

[1]The Tyger River Correctional Institution is a name for a correctional institution formed by the merger of two formerly adjacent correctional institutions (the Dutchman Correctional Institution and the Cross Anchor Correctional Institution).

1

has brought suit, pursuant to 42 U.S.C. § 1983, against a Solicitor, two Assistant Solicitors, the Attorney General of South Carolina, and two Assistant Attorney Generals.

The plaintiff has not used the "STATEMENT OF CLAIM" portion of the Section 1983 complaint form to outline his allegations. Instead, the plaintiff has twenty-six pages of allegations relating to what the plaintiff calls "Organized Corruption" in South Carolina. The plaintiff has also provided copies of letters that he has sent to various state officials (Entry No. 1-2 through Entry No. 1-8). The plaintiff, in Entry No. 1-9, has provided two diagrams or "Tree[s] of Organized Corruption" in South Carolina and in Cherokee County.

Ultimately, the plaintiff's allegations concern two overall matters: *(1)* the plaintiff's criminal cases; and *(2)* the failure of prosecutors to investigate or prosecute crimes committed against the plaintiff. The charge of second-degree burglary was resolved adversely to the plaintiff. The plaintiff indicates that, with respect to his conviction for second-degree burglary, the plaintiff's application for post-conviction relief (Case No. 2007-CP-11-624) is pending before the Court of Common Pleas for Cherokee County. A charge of possession of grand larceny (relating to a stolen vehicle) in Horry County was resolved in the plaintiff's favor after he produced the Bill of Sale.

On pages 27 and 28 of the Complaint, the plaintiff summarizes his claims in his own "STATEMENT OF CLAIM." Claim I arises out of the failure of Assistant Solicitor Mark Morin to investigate and prosecute the Gaults (the plaintiff's former employers) or Judge Howell. Claim II concerns matters that arose out of the plaintiff's arrest in Horry County for possession of grand larceny (relating to a stolen vehicle) and the failure of Assistant Solicitor Mark Morin to investigate and prosecute Bill Kirby and Lisa Kirby for subsequently stealing the plaintiff's property. Claim III relates to Assistant Solicitor's Mark Morin failure

to correct errors in the plaintiff's arrest and to prosecute a deputy sheriff for assaulting the plaintiff. Claim IV concerns the alleged tampering with evidence in the plaintiff's burglary trial. Claim V deals with the alleged actions and inactions of Attorney General McMaster and Assistant Attorney General Counts in connection with the plaintiff's pending post-conviction case. A motion to dismiss has been filed by the Office of the Attorney General in the post-conviction case. Claim VI focuses on Assistant Attorney General Deborah R. J. Shupe's brief to the South Carolina Court of Appeals.[2] In Claim VII, the plaintiff complains about Solicitor Harold W. ("Trey") Gowdy's failure to investigate or prosecute crimes committed against the plaintiff during the past four years. The plaintiff seeks one million dollars in damages, a court-ordered investigation, and prosecution "To The Fullest Extent That The Law Allows."

## *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

---

[2]This allegation may suggest that, in addition to the post-conviction case, the plaintiff's direct appeal may be pending.

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Insofar as Assistant Solicitor Mark Morin's actions and the actions of the unnamed Assistant Solicitor (in Horry County) in the plaintiff's criminal cases are concerned, this case is subject to summary dismissal because of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C.

---

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

Const. Article V, § 24; and S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit. Prosecutors — such as Solicitor Gowdy, Assistant Solicitor Morin, and the unnamed Assistant Solicitor in Horry County — have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-15 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-69 & nn. 3-4 (7th Cir. 1992). Hence, Attorney General McMaster, Assistant Attorney General Counts, and Assistant Attorney General Shupe are also entitled to summary dismissal because of prosecutorial immunity.

With respect to the plaintiff's conviction for burglary, this case is subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).[5]

Hence, until the plaintiff's conviction for burglary is reversed, set aside, vacated, or called into question, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

---

[5]*Heck v. Humphrey*, obviously, would not apply to the Horry County charge (grand larceny), which was resolved in the plaintiff's favor.

6

In this civil rights action, the plaintiff cannot obtain criminal charges against the defendants or the persons who allegedly committed crimes against the plaintiff. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988); and *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

Closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other

7

persons. *Leeke v. Timmerman*, 454 U.S. at 86-87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871). Since the plaintiff does not have standing to seek a criminal investigation or criminal charges, such relief requested by the plaintiff cannot be granted in the above-captioned case.

Furthermore, this federal district court cannot suspend or remove the defendants from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

| | |
|---|---|
| August 20, 2008 | s/Bruce Howe Hendricks |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).